```
          IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

WANDA BROWN, ET AL.,              §
                                  §
          Plaintiffs,             §
                                  §
VS.                               §   NO. 4:05-CV-648-A
                                  §
ALLSTATE TEXAS LLOYDS,            §
                                  §
          Defendant.              §
```

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Allstate Texas Lloyds, ("Allstate") for summary judgment. Having considered the motion, the response of plaintiffs, Wanda Brown and Roy Brown, ("Browns") the summary judgment evidence, and the applicable authorities, the court has concluded that the motion should be granted.

I.

The Browns' Complaint

The Browns allege in a very general way in their First Amended Complaint ("complaint") that Allstate breached its insurance contract with the Browns when it denied a claim the Browns made under their homeowners insurance policy issued by Allstate ("policy").[1]

---

[1] The Browns allege that the court lacks subject-matter jurisdiction. The propriety of this court's exercise of subject matter jurisdiction has been the subject of several filings by the parties and one telephone conference between the court and the parties, through counsel. Based on those materials, specifically the affidavit of Kathleen B. Scarbrough, the court is satisfied that there is diversity of citizenship between the parties under 28 U.S.C. § 1332.

The court interprets the complaint to allege that the denied claim was somehow related to a mold infestation at the Browns' residence in Fort Worth, Texas, and that the policy obligated Allstate to remediate the damage caused by the infestation, and otherwise repair the house.  In addition to their breach of contract claim, the Browns also allege extra-contractual causes of action against Allstate, including violation of Articles 21.21 and 22.55 of the Texas Insurance Code; breach of the duty of good faith and fair dealing; fraud; negligence; breach of its fiduciary duties; and civil conspiracy.

II.

Grounds Advanced in Allstate's Motion

In its motion, Allstate contends that summary judgment is proper on all claims advanced by plaintiffs.  Specifically, Allstate urges that:

1.   First, the Browns have no evidence supporting the damages element of their breach of contract claim because they have failed to proffer any expert testimony on the issue of what caused the alleged mold infestation.

2.   Second, if there is no evidence supporting the damages element of the Browns' breach of contract claim, then Allstate is entitled to summary judgment on all extra-contractual causes of action.

3.   Third, in the alterative Allstate urges that there is no evidence supporting plaintiffs' claims for breach of the duty

of good faith and fair dealing; fraud; negligence; breach of its fiduciary duties; and civil conspiracy.

III.

<u>Applicable Summary Judgment Principals</u>

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its]

3

claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

IV.

Undisputed Evidence

The following is an overview of the evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record.

The Browns purchased the home situated at 7017 Norma Drive, Fort Worth, Texas, ("property") in June 1999, and were issued a standard Texas homeowners policy by Allstate. On November 23, 2000, the Browns became aware that a water leak had damaged the property's master and guest bathrooms. The date when the damage occurred is unknown--it could have been either before or after the Browns purchased the property. Allstate was informed of the damage on the same day the Browns became aware of the damage ("first claim"). After investigating the claim, Allstate made substantial repairs to the master bathroom shower; the master bathroom itself; master bedroom wall; the wall located in the hall adjacent to the master bedroom; the guest bathroom; and, the

4

linen closet.[2]  Repairs for the first claim were conducted from December 2000 to February 2001.

On February 28, 2002, the Browns reported there was a leak coming from a hot water heater that affected the property's slab foundation ("second claim").  The appropriate repairs were made by Allstate, and there was no further damage to the property resulting from the hot water leak.  Other than the water leakages related to the first and second claims, plaintiffs can identify no other water-related events from June 1999 until early September 2003.

The first claim was reopened on September 5, 2003, after mold was found in the property's heating, ventilating, and air-conditioning system ("HVAC").  In response to the reopening, defendant first had Structural Science, Inc., ("SSI") conduct an environmental quality investigation on the property.  SSI found elevated spore counts in the air inside the property, and concluded that the elevated spore counts were caused by past water intrusion and biological growth within the property.  SSI could not identify when the event causing the spore occurred.  Ultimately, SSI recommended that plaintiffs evacuate the property and "remain absent until after the building has been remediated and cleared for occupancy."  Pl.'s App. at Tab 4, p. 20.

---

[2]  Specifically, Allstate made the following repairs: "Both bathrooms were repaired with sheet rock for the walls, shower-pan for the master bath shower, tiles for both shower area and tub area, tiles for both bath floors, all bathroom fixtures reset in the bathrooms, hall walls, bath walls, linen closet walls and shelves painted."  Def.'s App. at 41.

5

Allstate sent three other vendors to investigate whether systemic damage persisted within the property that was related to the first claim.  First, Allstate had Becker Engineering ("Becker") conduct an environmental quality investigation, like the one performed by SSI.  Becker's investigation found no significant reservoirs of active fungal growth requiring remediation in the property's interior areas.[3]  Second, American Leak Detection conducted extensive checks for water leakage within the property; no leakage was detected.  Third, Gossett Contracting Co. determined, after appropriate testing, that the HVAC was in no way contributing to the mold contamination.  By letter dated October 30, 2003, Allstate denied additional coverage for the first claim.

V.

Analysis

A.   Breach of Contract Claim.

   1.   Applicable Law.

To defeat the first ground raised in Allstate's motion for summary judgment, the Browns must have some evidence showing that

---

[3] Specifically, Becker concluded that:

Guidelines . . . promulgated by the Texas Department of Health allow up to 25 ft² of visible mold before professional assessment and remediation is required.  No such areas of fungal amplification were observed within the [property] during this assessment.  Samples collected during the course of this assessment detected no significant fungal presence in the interior environment, as defined by current industry practices.

Def.'s App. at 112.

6

(i) a contract existed, (ii) they had fully performed, (iii) Allstate failed to perform as obligated, and (iv) the Browns were damaged.  See Dorsett v. Cross, 106 S.W.3d 213, 217 (Tex.App.--Houston [1st Dist.] 2003, pet. denied).  Because the insured may only recover for covered perils, the Browns bear the burden of presenting evidence that will allow the trier of fact to find that the mold infestation was covered under the policy issued by Allstate.  Fiess v. State Farm Lloyds, 392 F.3d 802, 807 (5th Cir. 2004).

    2.   Law Applied to the Undisputed Summary
        Judgment Evidence.

Apparently the Browns' breach of contract claim is that Allstate should have made the repairs recommended by SSI because the mold infestation was somehow related to the water leak and damage repaired under the first claim.  Allstate contends that the Browns have no evidence of contract damages because they have no expert testimony concerning, inter alia, the cause of the mold infestation.  The court interprets this contention to include as a ground for summary judgment that there is no summary judgment evidence that the mold in question was caused by an event insured by the policy.

The court concludes that there is no evidence that the mold infestation was a covered loss.  As the Browns argue in their response, the SSI report is evidence that mold affected the property; however, that report in no way supports the Browns' basic contention that the mold damage was in any way connected to the water leak and damage repaired under the first claim.  See

7

Brown v. City of Houston, 337 F.3d 539, 541 (5th Cir. 2001) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.") (citations omitted).  In order for the Browns to meet their burden that the mold damage was covered under the policy, they must have some evidence of what caused the mold.  Because the record lacks any evidence that the mold infestation was caused by a peril covered under the policy, the court is granting Allstate's motion with respect to the Browns' breach of contract claim.

B.   Extra-Contractual Claims.

Because there is no evidence that Allstate ever breached its contract, all of the Browns' extra-contractual claims, which are derivative of their breach of contract claim, must fail.

VI.

O R D E R

For the reasons stated herein,

The court ORDERS that Allstate's motion for summary judgment be, and is hereby, granted.

The court further ORDERS that all claims and causes of action asserted by the Browns against Allstate in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED July  12, 2006.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge

8